IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EMIL RENÉ INFANTE-PANEQUE, et
al.,

        Plaintiffs

          v.                   CIVIL NO.  09-1712 (JP)

CONA INVESTMENT, INC., et al.,

        Defendants

## OPINION AND ORDER

Before the Court are Defendant Cona Investment, Inc.'s ("Cona") motion to dismiss (No. 13) and Plaintiffs' opposition thereto (No. 19).  Plaintiffs brought the present suit alleging that Defendants are responsible for the wrongful death of Emiliano Infante-Segrera ("Infante"), which allegedly occurred on Defendants' premises.  Plaintiffs are the son, daughter in law, and grandchildren of decedent Infante.  Plaintiffs' complaint alleges that jurisdiction is appropriate based on the parties' diversity of citizenship under 28 U.S.C. § 1332.  Defendant Cona moves to dismiss the complaint for lack of jurisdiction, arguing that Plaintiffs have failed to make the required allegations regarding the citizenship of the parties.  For the reasons stated herein, Defendant Cona's motion to dismiss (**No. 13**) is hereby **DENIED.**

CIVIL NO. 09-1712 (JP)              -2-

## I.  **FACTUAL ALLEGATIONS**

Plaintiffs Emil Infante-Paneque, Lourdes M. de la Uz-Infante, and their children Lourdes M. Infante-de la Uz, Lucía R. Infante-de la Uz, and Emil R. Infante-de la Uz, are the son, daughter in law, and grandchildren of decedent Infante.  Plaintiffs allege that on July 28, 2008 at approximately 12:00 p.m., Infante drove to the Caparra Industrial Park in Guaynabo Puerto Rico in order to have a set of spare keys made at Defendant Ferretería del Hogar True Value Hardware ("True Value").  Infante allegedly parked in front of True Value, in a parking lot that is shared with the restaurant Bottles, allegedly owned by Defendant Kindred Spirits, Inc.

Plaintiffs further allege that after entering the True Value store, Infante walked back out to his car to retrieve change to pay for the keys he was having made.  As he walked out to his car, Infante was allegedly assaulted at gunpoint, robbed of his rolex watch, and shot.  The assailants drove away, and Infante died at the scene as a result of the gunshot wound.  Plaintiffs allege that the crime was foreseeable due to a high incidence of crime in the area, and that Defendants failed to provide adequate security or surveillance on the premises.

## II.  **LEGAL STANDARD FOR A MOTION TO DISMISS**

The Supreme Court has established that, "once a claim has been stated adequately, it may be supported by showing any set of facts

CIVIL NO. 09-1712 (JP)          -3-

consistent with the allegations in the complaint." <u>Bell Atl. Corp.</u>
<u>v. Twombly</u>, 127 S. Ct. 1955, 1969 (2007).  As such, in order to
survive a motion to dismiss, a complaint must state a claim to relief
that is plausible on its face, not merely conceivable.  <u>Id.</u> at 1974.
The First Circuit has interpreted <u>Twombly</u> as sounding the death knell
for the oft-quoted language of <u>Conley v. Gibson</u>, 355 U.S. 41,
45-46 (1957), that "a complaint should not be dismissed for failure
to state a claim unless it appears beyond doubt that the plaintiff
can prove no set of facts in support of his claim which would entitle
him to relief."  <u>Rodríguez-Ortiz v. Margo Caribe, Inc.</u>,
490 F.3d 92, 94-95 (1st Cir. 2007), quoting <u>Twombly</u>, 127 S. Ct.
at 1969.  Still, a court must "treat all allegations in the Complaint
as true and draw all reasonable inferences therefrom in favor of the
plaintiff."  <u>Rumford Pharmacy, Inc. v. City of East Providence</u>,
970 F.2d 996, 997 (1st Cir. 1992).

## III. <u>ANALYSIS</u>

     Defendant Cona moves to dismiss on the grounds that Plaintiffs'
complaint fails to make the allegations necessary to support
jurisdiction on the basis of diversity of citizenship.  In
particular, Defendant Cona argues that Plaintiffs' allegations are
inadequate because: (1) Plaintiff does not specifically state the
citizenship of the parties; and (2) the inclusion of unidentified

CIVIL NO. 09-1712 (JP)            -4-

"Doe" Defendants precludes diversity jurisdiction.  The Court will now consider Defendant Cona's arguments.

### A.  **Diversity Jurisdiction**

Defendant Cona argues that Plaintiffs' complaint does not satisfy the requirements for diversity of citizenship under 28 U.S.C. § 1332.  Said statute provides that the federal district courts shall have original jurisdiction in all civil actions where the amount in controversy exceeds $75,000.00, and the action is between citizens of different states.  Diversity jurisdiction requires complete diversity as between all plaintiffs and all defendants.  This means that diversity jurisdiction does not exist where any plaintiff is a citizen of the same state[1] as any defendant.  Álvarez-Torres v. Ryder Memorial Hosp., Inc., 582 F.3d 47, 53-54 (1st Cir. 2009) (internal citations omitted).

Citizenship of an individual is determined by the individual's domicile.  García Pérez v. Santaella, 364 F.3d 348, 350 (1st Cir. 2004).  An individual is considered to be domiciled in a particular state when he or she is physically present in the state and has an intent to remain indefinitely.  Id.  Factors that may indicate an intention to remain indefinitely include the person's current residence, voting registration and voting practices, location

_____

1.   For purposes of determining diversity jurisdiction, the word "State" includes the Commonwealth of Puerto Rico.  28 U.S.C. § 1332(e).

CIVIL NO. 09-1712 (JP)            -5-

of personal and real property, location of brokerage and bank accounts, membership in unions, fraternal organizations, churches, clubs and other associations, place of employment or business, driver's license and other automobile registration, and payment of taxes.  Id.  In cases where a corporation is a party to a diversity action, the corporation is deemed a citizen of any state where it is incorporated as well the state where the corporation's principal place of business is located.  28 U.S.C. § 1332(c)(1).

### 1.    Allegations Regarding Diversity of Citizenship

In the instant case, the complaint alleges that all Plaintiffs "are domiciled and residents of Florida."  The complaint also alleges that each of the Defendants "is a business entity organized and existing under the laws of the Commonwealth of Puerto [Rico], with its principal place of business located in said Commonwealth."[2] Given that individual citizenship is determined by domicile, Plaintiffs' allegations stating that the individual Plaintiffs are domiciled in Florida are sufficient to allege that Plaintiffs are citizens of Florida.  Similarly, because the statutory test for corporate residence includes any state where the corporation is incorporated or has its principal place of business, Plaintiffs allegations that Defendants are organized and existing under the laws

---

2.    Defendant Cona does not challenge Plaintiffs' allegations that they are domiciled in Florida, or that Defendants are incorporated and have their principal place of business in Puerto Rico.  Rather, Defendant focuses on the absence of the word "citizen" in the complaint.

CIVIL NO. 09-1712 (JP)          -6-

of Puerto Rico and have their principal place of business in Puerto Rico are sufficient to allege that Defendants are citizens of Puerto Rico. Accordingly, the Court finds that Plaintiffs have adequately alleged that the instant action is between citizens of different states for purposes of creating diversity jurisdiction.

### 2.   Effect of Doe Defendants on Diversity Jurisdiction

With regard to Defendant Cona's second argument that the presence of unidentified "Doe" defendants destroys diversity, Defendant improperly applies case law from outside the First Circuit. By contrast with the cases cited by Defendant Cona, the United States Court of Appeals for the First Circuit has stated, "Federal courts do not agree on whether John Does are permitted in diversity cases originally filed in federal court . . . The First Circuit has never directly addressed this issue, nor do we do so here." Universal Communications Systems, Inc. v. Lycos, Inc., 478 F.3d 413, 426 (1st Cir. 2007).

In the absence of a rule in the First Circuit precluding Doe defendants in diversity cases, the Court will not dismiss the complaint on this basis. Furthermore, Plaintiffs have filed a motion to amend the complaint in order to remove any questions regarding subject matter jurisdiction by removing the unnamed Doe Defendants and specifically using the words "citizens of" when describing the parties. Said motion to amend (**No. 24**) is **GRANTED.**

CIVIL NO. 09-1712 (JP)          -7-

IV.   **CONCLUSION**

     In conclusion, the Court **DENIES** Defendant's motion to dismiss, and **GRANTS** Plaintiffs' motion to amend the complaint.

     **IT IS SO ORDERED**.

     In San Juan, Puerto Rico, this 10th day of November, 2009.


                                   s/Jaime Pieras, Jr.
                                  JAIME PIERAS, JR.
                              U.S. SENIOR DISTRICT JUDGE